By the Court:

Jones, J.
The act of sending a business advertisement to a newspaper for publication is, in the absence of instructions to the contrary, a direction to publish it in each issue of the paper until it is ordered to be stopped.
This is one of those propositions which depend for their support solely on the conviction which the fair statement of them carries to the mind of their correctness; and which are incapable of being enforced or supported, to any great extent, by a train of reasoning.
There is, however, one consideration to be urged in its support. The object of such an advertisement is to draw the attention of the public to the business advertisement; a single insertion would have comparatively so slight an effect toward attaining the object in view, that the idea of such a limit cannot be supposed to have entered into the mind of the party.
It may be, as suggested by the chief justice, that in some instances the character of the advertisement will, of itself, operate as a limit on the running of the publication. That question, however, is not now presented.
The foregoing views dispose of most of the questions raised on the appeal in this case.
Under it a charge that the plaintiff could not recover without proving it to be a custom that, in absence of directions to the contrary, an advertisement is continued until forbidden, would have been erroneous. Consequently there was no error in refusing so to charge.
So, also, under it the burden of proving that a limit was placed on the time of publication devolved on the defendants, and the exception to the charge to that effect is not well taken.
Likewise under it the proof as to a custom is wholly immaterial. That proof was introduced for the sole purpose of establishing that, where there is no instruction to the contrary, an *444 advertisement is to be continued until it is stopped. As that is, as above held, the necessary effect of sending a business advertisement to a newspaper for publication without any accompanying directions as to how often or for how long it is to be inserted, the proof of custom was wholly unnecessary, and had no effect whatever on the case or on the verdict, since it was conceded that the advertisements had been sent for publication, and the only question was, whether any, and if so what, directions were given respecting their insertion. The evidence of custom had no bearing whatever on that issue, and consequently it could not, by any possibility, have affected the verdict.
Therefore, even though there may have been error in its admission, that error does not call for a reversal.
Indeed, the only question of fact submitted to jury and passed upon by them was as to whether the advertisements were limited as to the times and length of insertion. That question was fairly submitted to the jury, and the evidence is sufficient to support their finding.
The remaining exceptions are to the reception in evidence of a letter written by the president of the defendants, and to the refusal of the judge to charge, as requested, that the burden of proof is on the plaintiff to establish the claim by a preponderance of evidence.
The letter was written by the president in the course of his business as such president, and, in the absence of any restriction contained in the charter or act of incorporation of the company, or the by-laws thereof, or of the general statutes, on the power of the president to make a contract of this character, was competent evidence.
As to the request to charge: the only issúe left to the jury was one as to whether the burden of proof rested on the defendants. ..To charge as requested would consequently have been error.
Judgment affirmed, with costs.